ACCEPTED
14-14-00437-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
9/28/2015 4:29:11 PM
CHRISTOPHER PRINE
CLERK

No. 14-14-00437-CV

IN THE FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
9/28/2015 4:29:11 PM
CHRISTOPHER A. PRINE
Clerk

CITY OF HOUSTON, TEXAS

APPELLANT,

v.

HOUSTON FIREFIGHTERS' RELIEF AND RETIREMENT FUND

APPELLEE.

ON APPEAL FROM THE 190TH JUDICIAL DISTRICT COURT
HARRIS COUNTY, TEXAS
CAUSE NO. 201-02548

**BENCH BOOK**

Thomas R. Phillips
State Bar No. 00000102
BAKER BOTTS L.L.P.
98 San Jacinto Boulevard
Suite 1500
Austin, Texas  78701-4078
512.322.2500
512.322.2501 (facsimile)
tom.phillips@bakerbotts.com

Travis J. Sales
State Bar No. 17532080
Tina Q. Nguyen
State Bar No. 24078670
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, Texas 77002
713.229.1234
713.229.1522 (facsimile)
travis.sales@bakerbotts.com
tina.nguyen@bakerbotts.com

ATTORNEYS FOR APPELLEE HOUSTON FIREFIGHTERS'
RELIEF AND RETIREMENT FUND

**INDEX**

1. Excerpts from the Fund's Enabling Statute, Article 6243e.2(1)
2. Excerpts from Texas Government Code § 802
3. Statutes Affecting a Single County
4. Excerpts from Texas Constitution art. XVI, § 67
5. Excerpts from Texas Government Code 810.001

# Exhibit 1

# Excerpts from the Fund's Enabling Statute, Article 6243e.2(1)

**Section 4:**

**Service pension benefits**

(a) A member with at least 20 years of participation who terminates active service for any reason other than death is entitled to receive a service pension provided by this section.

(b) A member who terminates active service on or after November 1, 1997, and who has completed at least 20 years of participation in the fund on the effective date of termination of service is entitled to a monthly service pension, beginning after the effective date of termination of active service, in an amount equal to 50 percent of the member's average monthly salary, plus three percent of the member's average monthly salary for each year of participation in excess of 20 years, but not in excess of 30 years of participation, for a maximum total benefit of 80 percent of the member's average monthly salary.

(c) A member who terminated active service before November 1, 1997, and who had completed at least 20 years of participation on the effective date of termination of service is entitled on retirement to receive a monthly service pension in the amount provided under the law in effect on the effective date of that retirement, unless a subsequent benefit increase is expressly made applicable to that member.

(d) The total monthly benefit payable to a retired or disabled member, other than a deferred retiree or active member who has elected the DROP under Section 5(b) of this article, or payable to an eligible survivor of a deceased member as provided by Section 7(a) or 7(b) of this article, shall be increased by the following amounts: by $100, beginning with the monthly payment made for July 1999; by $25, beginning with the monthly payment made for July, 2000; and by $25, beginning with the monthly payment made for July 2001. These additional benefits may not be increased under Section 11(c) of this article.

**Excerpts from the Fund's Enabling Statute, Article 6243e.2(1)**

**Section 10:**

**Nonstatutory benefit increases**

The benefits provided by this article may be increased if:

(1) an actuary selected by the board who, if an individual, is a Fellow of the Society of Actuaries, a Fellow of the Conference of Actuaries in Public Practice, or a member of the American Academy of Actuaries determines that the increase cannot reasonably be viewed as posing a material risk of jeopardizing the fund's ability to pay any existing benefit;

(2) a majority of the participating members of the fund vote for the increase by a secret ballot;

(3) the increase does not deprive a member, without the member's written consent, of a right to receive benefits that have already become fully vested and matured in a member; and

(4) the State Pension Review Board approves the determination by the actuary selected by the board that the increase cannot reasonably be viewed as posing a material risk of jeopardizing the fund's ability to pay any existing benefit.

# Exhibit 2

## Excerpts from Texas Government Code Ch. 802

### Sec. 802.101.  ACTUARIAL VALUATION.

(a)  The **governing body of a public retirement system shall employ an actuary**, as a full-time or part-time employee or as a consultant, to make a valuation at least once every three years of the assets and liabilities of the system on the basis of assumptions and methods that are reasonable in the aggregate, considering the experience of the program and reasonable expectations, and that, in combination, offer the actuary's best estimate of anticipated experience under the program.

(b)  On the basis of the valuation, the actuary shall make recommendations to the governing body of the public retirement system to ensure the actuarial soundness of the system. The actuary shall define each actuarial term and enumerate and explain each actuarial assumption used in making the valuation.  This information must be included either in the actuarial study or in a separate report made available as a public record.

(c)  **The governing body of a public retirement system shall file with the State Pension Review Board a copy of each actuarial study and each separate report made as required by law**.

(d)  An actuary employed under this section must be a fellow of the Society of Actuaries, a member of the American Academy of Actuaries, or an enrolled actuary under [ERISA].

### Sec. 802.103.  ANNUAL FINANCIAL REPORT.

(a)  Except as provided by Subsection (c), **the governing body of a public retirement system shall publish an annual financial report showing the financial condition of the system** as of the last day of the fiscal year covered in the report.  The report must include the financial statements and schedules examined in the most recent audit performed as required by Section 802.102 and must include a statement of opinion by the certified public accountant as to whether or not the financial statements and schedules are presented fairly and in accordance with generally accepted accounting principles.

(b)  **The governing body of a public retirement system shall**, before the 211th day after the last day of the fiscal year under which the system operates, **file with the State Pension Review Board a copy of each annual financial report it makes as required by law**.

. . . .

## Sec. 802.202.  INVESTMENT OF SURPLUS.

(a)  The governing body of a public retirement system is responsible for the management and administration of the funds of the system.

. . . .

(c)  The governing body shall determine the procedure it finds most efficient and beneficial for the management of the reserve fund of the system.  The governing body may directly manage the investments of the system or may choose and contract for professional investment management services.

(d)  **The governing body of a public retirement system shall**:

(1)  **develop and adopt a written investment policy**;

(2)  **maintain for public review at its main office a copy of the policy**;

(3)  **file a copy of the policy with the State Pension Review Board** not later than the 90th day after the date the policy is adopted;  and

(4)  **file a copy of each change to the policy with the State Pension Review Board** not later than the 90th day after the change is adopted.

## Sec. 802.302.  PREPARATION OF ACTUARIAL ANALYSIS.

(a)  The **board shall request a public retirement system** affected by a bill or resolution as described by Section 802.301(a) **to provide the board with an actuarial analysis**.

(b)  An actuarial analysis required by this section must be prepared by an actuary who is a fellow of the Society of Actuaries, a member of the American Academy of Actuaries, or an enrolled actuary under the Employees Retirement Income Security Act of 1974 (29 U.S.C. Section 1001 et seq.).

(c)  **A public retirement system that receives a request under Subsection (a) must provide the board with an actuarial analysis** on or before the 21st day after the date of the request, if the request relates to a bill or resolution introduced for consideration during a regular legislative session.

(d)  The board shall adopt deadlines for the provision under this section of an actuarial analysis that relates to a bill or resolution introduced for consideration during a called legislative session.  The deadlines must be designed to provide the most complete information practicable in a timely manner.

(e)  **The board may prepare an actuarial analysis for a public retirement system** that receives a request under Subsection (a) and does not provide the board with an actuarial analysis within the required period under Subsection (c) or (d).

(f)  The public retirement system may reimburse the board's costs incurred in preparing an actuarial analysis under Subsection (e).

(g)  **For each actuarial analysis that a public retirement system prepares, the board shall have a second actuary:**

(1)  **review the actuarial analysis accompanying the bill or resolution;  and**

(2)  **comment on the reasonableness of each actuarial assumption used in the public retirement system's actuarial analysis**.

(h)  **Even if a public retirement system prepares an actuarial analysis under Subsection (c) or (d), the board may have a second actuary prepare a separate actuarial analysis**.

(i)  A public retirement system is not prohibited from providing to the legislature any actuarial analysis or information that the system determines necessary or proper.

# Exhibit 3

# Statutes Affecting a Single County

| | Statute | County Affected | 2010 Population | Summary |
|---|---|---|---|---|
| 1. | Tex. Agric. Code § 147.003 | Tarrant | >=1.8 million or <=1.9 million | A person pursuing the business of selling mules, horses, jacks, or jennets in a county with a population of not less than 1.8 million nor more than 1.9 million is not subject to this chapter as a livestock auction commission merchant. |
| 2. | Code Crim. Proc. art. 18.05 (e) | Harris | >= 3.3 million | A search warrant may not be issued under this article to a code enforcement official of a county with a population of 3.3 million or more for the purpose of allowing the inspection of specified premises to determine the presence of an unsafe building condition or a violation of a building regulation, statute, or ordinance. |
| 3. | Tex. Educ. Code § 11.0581 (a) | Chambers | <40,000 adjacent to county > 3 million | An election for trustees of an independent school district shall be held on the same date that is wholly or partly located in a county with a population of less than 40,000 that is adjacent to a county with a population of more than three million; and held its election for trustees jointly with the election for the members of the governing body of the hospital district before May 2007. |
| 4. | Tex. Gov't. Code § 51.501 (c) | Haskell | 5800 - 5900 | The commissioners court of a county that has a population of 5,800 to 5,900 shall determine whether the county shall have a joint clerk but may not take action to prevent a district clerk, county clerk, or joint clerk from serving the full term of office to which the clerk was elected. |
| 5. | Tex. Health and Safety Code § 281.021 (b) | Tarrant | >1.8 million <1.9 million | The commissioners court of a county with a population of more than 1.8 million but less than 1.9 million in which a district is created under this chapter shall appoint a board composed of not less than five or more than 15 members. |

| | Statute | County Affected | 2010 Population | Summary |
|---|---|---|---|---|
| 6. | Tex. Health and Safety Code § 281.056 (b)(1) | El Paso | 800,000 that borders Mexico | The county attorney, district attorney, or criminal district attorney, as appropriate, with the duty to represent the county in civil matters shall, in all legal matters, represent a district located in: a county with a population of 800,000 or more that borders the United Mexican States. |
| 7. | Tex. Health and Safety Code Ch. 289 | Webb | <300,000 and border Mexico and have a municipality >200,000 population | The heading to Chapter 289, Health and Safety Code, is amended to read as follows: CHAPTER 289. COUNTY HEALTH CARE FUNDING DISTRICTS IN CERTAIN COUNTIES LOCATED ON TEXAS-MEXICO BORDER THAT HAVE POPULATION OF LESS THAN 300,000 |
| 8. | Tex. Health and Safety Code § 289.002 | Webb | <300,000 and border Mexico and have a municipality >200,000 population | County health care funding districts - A district is created in each county located on the Texas-Mexico border that has a population of less than 300,000 and contains one or more municipalities with a population of 200,000 or more. |
| 9. | Tex. Health and Safety Code Ch. 290 | Bexar | <1.8 million with a municipality >= 1.1 million | The heading to Chapter 290, Health and Safety Code, is amended to read as follows: CHAPTER 290. COUNTY HEALTH CARE FUNDING DISTRICTS IN CERTAIN COUNTIES WITH POPULATION OF 1.8 MILLION OR LESS |
| 10. | Tex. Health and Safety Code § 290.002 | Bexar | <1.8 million with a municipality >= 1.1 million | County health care funding districts - A district is created in each county that has a population of 1.8 million or less and in which a municipality with a population of 1.1 million or more is predominantly located. |

| | Statute | County Affected | 2010 Population | Summary |
|---|---|---|---|---|
| 11. | Tex. Health and Safety Code § 301.001 (1) | Harris | >= 3.3 million | "Eligible institution" means an entity engaged in health-related pursuits that, except for cooperative associations, is exempt from federal income tax and includes only if it is a political subdivision of the state or a cooperative association created under Subchapter B, a political subdivision of the state, a unit of which is located in a county with a population of more than 3.3 million. |
| 12. | Tex. Health and Safety Code § 382.218 (a) | El Paso | >=800,000 that borders Mexico | CLEAN AIR ACT. This section applies only to a county with a population of 800,000 or more that borders the United Mexican States. |
| 13. | Tex. Health and Safety Code § 462.0731 (a) | Harris | > 3.3 million | This section applies to a chemically dependent patient who is a resident of a county with a population of more than 3.3 million, according to the most recent federal decennial census, and whose inpatient commitment is modified to an outpatient commitment, who is furloughed from an inpatient facility, or who is committed to treatment on an outpatient basis. |
| 14. | Tex. Health and Safety Code § 711.008 (d) | Galveston | >285,000 <300,000 that borders Gulf of Mexico | Subsection (a) does not apply to a cemetery established and operating before September 1, 1995, in a county with a population of more than 285,000 and less than 300,000 that borders the Gulf of Mexico. |
| 15. | Tex. Health and Safety Code § 772.402 | Dallas | >= 2 million without emergency communication district | Local Administration Of Emergency Communications This subchapter applies only to a county having a population of more than two million in which a communication district has not been created under Subchapter B. |
| 16. | Tex. Health and Safety Code § 775.014 (g) | Harris | >= 3.3 million | EMERGENCY SERVICES DISTRICTS. This section does not apply if the proposed district contains territory in the unincorporated area of a county with a population of 3.3 million or more. |

| | Statute | County Affected | 2010 Population | Summary |
|---|---|---|---|---|
| 17. | Tex. Health and Safety Code § 775.017 (a) | Harris | > 3.3 million | EMERGENCY SERVICES DISTRICTS. If after the hearing the commissioners court finds that creation of the district is feasible and will promote the public safety, welfare, health, and convenience of persons residing in the proposed district, the commissioners court shall grant the petition, fix the district's boundaries, and impose any conditions negotiated under Section 775.014(h). If the proposed district, according to its boundaries stated in the petition, is located wholly in a county with a population of more than 3.3 million, the commissioners court may amend the petition to change the boundaries of the proposed district if the commissioners court finds the change is necessary or desirable. For the purposes of this provision, the population of the county is determined according to the most recent federal decennial census available at the time the petition is filed. |
| 18. | Tex. Health and Safety Code § 775.031 (b) | Harris | > 3.3 million | EMERGENCY SERVICES DISTRICTS. A district located wholly within a county with a population of more than 3.3 million may not provide fire prevention or fire-fighting services unless the district: was originally a rural fire prevention district and was converted to an emergency services district under this chapter or former Section 794.100; or is created after September 1, 2003. |
| 19. | Tex. Loc. Gov't Code § 81.029 (a) | El Paso | >800,000 located on an international border | This section applies only to a county judge in a county that has a population of more than 800,000 and is located on the international border. |

| | Statute | County Affected | 2010 Population | Summary |
|---|---|---|---|---|
| 20. | Tex. Loc. Gov't Code § 115.044 (a) | Brazoria | >=312,000 and <=330,00 | A county with a population of 312,000 to 330,000 shall conduct a biennial independent audit of all books, records, and accounts of each district, county, and precinct officer, agent, or employee, including those of the regular county auditor, and of all governmental units of the county hospitals, farms, and other institutions. The audit must cover all matters relating to the fiscal affairs of the county. The audit shall be conducted in each even-numbered year and must be completed before December 31 of the year. |
| 21. | Tex. Loc. Gov't Code § 152.017 | Harris | >= 3.3 million | AMOUNT OF COMPENSATION, EXPENSES, AND ALLOWANCES OF COUNTY OFFICERS AND EMPLOYEES. This subchapter does not apply to a presiding judge of a commissioners court in a county with a population of 3.3 million or more |
| 22. | Tex. Loc. Gov't Code § 152.032 (d)(1) | Comal | >108,000 <110,000 | AMOUNT OF COMPENSATION, EXPENSES, AND ALLOWANCES OF COUNTY OFFICERS AND EMPLOYEES. The amount of the compensation and allowances of a county auditor in a county subject to this subsection may be set in an amount that exceeds the limit established by Subsection (a) if the compensation and allowances are approved by the commissioners court of the county. This subsection applies only to a county with a population of more than 108,000 and less than 110,000. |

| | Statute | County Affected | 2010 Population | Summary |
|---|---|---|---|---|
| 23. | Tex. Loc. Gov't Code § 152.904 (c) | Galveston | 285,000 to 300,000 | County judges salary. The commissioners court of a county with a population of 285,000 to 300,000 shall set the annual salary of the county judge at an amount equal to or greater than 90 percent of the salary, including supplements, of any district judge in Galveston County. However, the salary may not be set at an amount less than the salary paid the county judge on May 2, 1962. |
| 24. | Tex. Loc. Gov't Code § 160.002 | Harris | > 3.3 million | Grievance Procedure For County Employees. This chapter applies only to a county with a population of more than 3.3 million and its employees, including but not limited to the employees of road and bridge districts, flood control districts, and juvenile probation departments in the county. However, this chapter does not apply to the employees of a sheriff's department. |
| 25. | Tex. Loc. Gov't Code § 161.001 | El Paso | 800,000 that borders Mexico and has ethics board … | Creation of a county ethics commission. This chapter applies only to a county that has a population of 800,000 or more, is located on the international border; and before September 1, 2009, had a county ethics board appointed by the commissioners court. |
| 26. | Tex. Loc. Gov't Code § 180.003 (a) | Brazoria | 312,000 to 330,00 | In a county with a population of 312,000 to 330,000, a sheriff, deputy, constable, or other peace officer of the county or a municipality located in the county may not be required to be on duty more than 48 hours a week unless the peace officer is called on by a superior officer to serve during an emergency as determined by the superior officer. |

|     | **Statute** | **County Affected** | **2010 Population** | **Summary** |
| --- | --- | --- | --- | --- |
| 27. | Tex. Loc. Gov't Code § 270.005 (a) | Jefferson | 251,000 to 275,000 | The commissioners court of a county with a population of 251,000 to 275,000 may contract with the United States government or a federal agency for: the joint construction or improvement of roads, bridges, or other county improvements; or the maintenance of a project constructed under this section. |
| 28. | Tex. Loc. Gov't Code § 292.001 (d) | Lubbock | >=275,000 <=285,000 | A justice of the peace court may not be housed or conducted in a building located outside the court's precinct except as provided by Section 27.051(f), Government Code, or unless the justice of the peace court is situated in the county courthouse in a county with a population of at least 275,000 persons but no more than 285,000 persons. |
| 29. | Tex. Loc. Gov't Code § 292.023 (a)(1) | Jasper | 35,500 to 36,000 | Facilities in certain counties. This section applies only to a county with a population of: 35,500 to 36,000. |
| 30. | Tex. Loc. Gov't Code § 292.023 (a)(2) | Hunt | 85,000 to 86,500 | Facilities in certain counties. This section applies only to a county with a population of 85,000 to 86,500. |
| 31. | Tex. Loc. Gov't Code § 292.025 (a) | Hill | 35,050 to 35,090 | Auxiliary facilities in certain counties. This section applies only to a county with a population of 35,050 to 35,090. |
| 32. | Tex. Loc. Gov't Code § 292.027 (a) | Anderson | 57,000 to 59,000 | Facilities in certain counties. This section applies only to a county with a population of 57,000 to 59,000. |
| 33. | Tex. Loc. Gov't Code § 335.035 (a) | Harris | >= 3.3 million | Sports and community venue districts. This section applies only to the board of a district located in whole or in part in a county with a population of 3.3 million or more. |
| 34. | Tex. Loc. Gov't Code § 335.035 (f) | Harris | >= 3.3 million | Sports and community venue districts. Section 335.031(b) does not apply to a district located in a county with a population of 3.3 million or more. |

| | Statute | County Affected | 2010 Population | Summary |
|---|---|---|---|---|
| 35. | Tex. Loc. Gov't Code § 335.0711 (b) | Harris | >= 3.3 million | Sports and community venue districts. Limit On Power To Own Or Acquire Real Property In Certain Districts. This section applies only to a district located in a county with a population of 3.3 million or more. |
| 36. | Tex. Loc. Gov't Code § 335.102 | Harris | >= 3.3 million | Sports and community venue districts. This subchapter applies only to a district located in a county with a population of 3.3 million or more. |
| 37. | Tex. Loc. Gov't Code § 361.042 (a) | Tom Green | 110,000 to 113,000 | Instead of providing and maintaining its own jail, the commissioners court of a county with a population of 110,000 to 113,000 may provide safe and suitable jail facilities for the county by contracting for the facilities with the governing body of the municipality that is the county seat of the county. |
| 38. | Tex. Loc. Gov't Code § 386.031 (a) (4) | Harris | >= 3.3 million | Commercial and industrial development zones. To be created as a development zone, an area must: be located in a county with a population of 3.3 million or more. |
| 39. | Tex. Loc. Gov't Code § 615.011 (b) | Wood | 41,500 to 42,500 | A county with a population of 41,500 to 42,500 may authorize the use of county equipment, machinery, and employees to construct, establish, and maintain a public airstrip in the county. |

| | Statute | County Affected | 2010 Population | Summary |
|---|---|---|---|---|
| 40. | Tex. Nat. Res. Code § 61.018 (a)(1) | Galveston | >285,000 <300,000 that borders the Gulf of Mexico | A county attorney, district attorney, or criminal district attorney or the attorney general may not file a suit under Subsection (a) to obtain a temporary or permanent court order or injunction, either prohibitory or mandatory, to remove a house from a public beach if: the line of vegetation establishing the boundary of the public beach moved as a result of a meteorological event that occurred before January 1, 2009; the house was located landward of the natural line of vegetation before the meteorological event; a portion of the house continues to be located landward of the line of vegetation; and the house is located on a peninsula in a county with a population of more than 285,000 and less than 300,000 that borders the Gulf of Mexico. |
| 41. | Tex. Nat. Res. Code § 133.091 | Harris | >= 3.3 million | A county with a population of 3.3 million or more may adopt regulations requiring the placement of signs or barriers on aggregate quarries and pits. |
| 42. | Tex. Occ. Code § 2308.209 (b)(2) | San Augustine | <10,000 and is located in a national forest | VEHICLE TOWING AND BOOTING. TOW ROTATION LIST IN CERTAIN COUNTIES. This section applies only to the unincorporated area of a county with a population of less than 10,000 that is located in a national forest; or Tex. Occ. Code § 2308.209 (b)(3). |
| 43. | Tex. Prop. Code § 201.001 (a)(2)(A) | Harris | ETJ of a city with a pop >100,000 in the unincorporated area of a county >= 3.3 million | Restrictive Covenants Applicable To Certain Subdivisions. This chapter applies to a residential real estate subdivision that is located in whole or in part: within a city that has a population of more than 100,000, or within the extraterritorial jurisdiction of such a city in the unincorporated area of a county having a population of 3.3 million or more; or Tex. Prop. Code § 201.001 (a)(2)(B). |

| | Statute | County Affected | 2010 Population | Summary |
|---|---|---|---|---|
| 44. | Tex. Prop. Code § 204.002 (a)(1) | Harris | >= 3.3 million | Disclosure Of Information By Property Owners' Associations. This chapter applies only to a residential real estate subdivision, excluding a condominium development governed by Title 7, Property Code, that is located in whole or in part in a county with a population of 3.3 million or more; |
| 45. | Tex. Prop. Code § 204.002 (a)(2) | Galveston | >285,000 <300,000 adjacent to the Gulf of Mexico and adjacent to a county >= 3.3 million | in a county with a population of not less than 285,000 and not or more than 300,000 that is adjacent to the Gulf of Mexico and that is adjacent to a county having a population of 3.3 million or more; or (a)(3). |
| 46. | Tex. Prop. Code § 210.002 (1) | Smith | >200,000 <220,000 | Extension Or Modification Of Residential Restrictive Covenants. This chapter applies to a residential real estate subdivision that is located in a county with a population of: more than 200,000 and less than 220,000; or |
| 47. | Tex. Tax Code § 31.03 (d) | Galveston | >285,000 <300,000 adjacent to the Gulf of Mexico. | Tax collections. This subsection applies only to a taxing unit located in a county having a population of not less than 285,000 and not more than 300,000 that borders a county having a population of 3.3 million or more and the Gulf of Mexico. The governing body of a taxing unit that has its taxes collected by another taxing unit that has adopted the split-payment option under Subsection (a) may provide, in the manner required by law for official action by the body, that the split-payment option does not apply to the taxing unit's taxes collected by the other taxing unit. |

| | **Statute** | **County Affected** | **2010 Population** | **Summary** |
|---|---|---|---|---|
| 48. | Tex. Transp. Code § 22.053 (a) | Newton | 14,300 to 14,500 | County And Municipal Airports. The commissioners court of a county with a population of 14,300 to 14,500 may issue time warrants to condemn or purchase land to be used and maintained as provided by Sections 22.011, 22.020, and 22.024, and improve and equip the land for the use provided by Sections 22.011, 22.020, and 22.024. |
| 49. | Tex. Transp. Code § 284.007 (a) | Harris | >= 3.3 million | Roadways. Causeways, Bridges, Tunnels, Turnpikes, Ferries, And Highways In Certain Counties. A county with a population of more than 3.3 million operating under this chapter shall set and make a good faith effort to meet or exceed goals for awarding contracts or subcontracts associated with a project it operates, maintains, or constructs to historically underutilized businesses. |
| 50. | Tex. Transp. Code § 394.061 (b) | Harris | >= 3.3 million | Roadways. Regulation Of Outdoor Signs On Rural Roads. Off-premise portable signs. A regulation imposed by or adopted under this chapter does not apply to an off-premise portable sign in the unincorporated area of a county with a population of 3.3 million or more. |
| 51. | Tex. Transp. Code § 431.109 (a) | Harris | >= 3.3 million | Roadways. Texas Transportation Corporation Act. Contracts For Historically Underutilized Businesses. This section applies only to a local government corporation serving a county with a population of more than 3.3 million. |

| | Statute | County Affected | 2010 Population | Summary |
|---|---|---|---|---|
| 52. | Tex. Transp. Code § 621.4015 (a) (1) | Bexar | >= 1.5 million and is within 200 miles of an international border | Vehicles And Traffic. General Provisions Relating To Vehicle Size And Weight. Designation By Commissioners Court. A county commissioners court may designate a constable or deputy constable of the county as a weight enforcement officer in a county: that is a county with a population of 1.5 million or more and is within 200 miles of an international border. |
| 53. | Tex. Transp. Code § 683.016 (d) | Harris | >= 3.3 million | Vehicles And Traffic. Abandoned Motor Vehicles. This section does not apply to a vehicle that is taken into custody by a law enforcement agency located in a county with a population of 3.3 million or more; and removed to a privately owned storage facility. |
| 54. | Tex. Rev. Civ. Stat. art. 6812b - 1 | Montgomery | >=425,000 <=500,000 | The Commissioners Court of any county having a population of not less than 425,000 nor more than 500,000 may appoint a County Engineer, but the selection shall be controlled by considerations of skill and ability for the task. |

# Exhibit 4

**(a) General Provisions.** (1) The legislature may enact general laws establishing systems and programs of retirement and related disability and death benefits for public employees and officers. Financing of benefits must be based on sound actuarial principles. The assets of a system are held in trust for the benefit of members and may not be diverted.

(2) A person may not receive benefits from more than one system for the same service, but the legislature may provide by law that a person with service covered by more than one system or program is entitled to a fractional benefit from each system or program based on service rendered under each system or program calculated as to amount upon the benefit formula used in that system or program. Transfer of service credit between the Employees Retirement System of Texas and the Teacher Retirement System of Texas also may be authorized by law.

(3) Each statewide benefit system must have a board of trustees to administer the system and to invest the funds of the system in such securities as the board may consider prudent investments. In making investments, a board shall exercise the judgment and care under the circumstances then prevailing that persons of ordinary prudence, discretion, and intelligence exercise in the management of their own affairs, not in regard to speculation, but in regard to the permanent disposition of their funds, considering the probable income therefrom as well as the probable safety of their capital. The legislature by law may further restrict the investment discretion of a board.

(4) General laws establishing retirement systems and optional retirement programs for public employees and officers in effect at the time of the adoption of this section remain in effect, subject to the general powers of the legislature established in this subsection.

**(b) State Retirement Systems.** (1) The legislature shall establish by law a Teacher Retirement System of Texas to provide benefits for persons employed in the public schools, colleges, and universities supported wholly or partly by the state. Other employees may be included under the system by law.

(2) The legislature shall establish by law an Employees Retirement System of Texas to provide benefits for officers and employees of the state and such state-compensated officers and employees of appellate courts and judicial districts as may be included under the system by law.

(3) The amount contributed by a person participating in the Employees Retirement System of Texas or the Teacher Retirement System of Texas shall be established by the legislature but may not be less than six percent of current compensation. The amount contributed by the state may not be less than six percent nor more than 10 percent of the aggregate compensation paid to individuals participating in the system. In an emergency, as determined by the governor, the legislature may appropriate such additional sums as are actuarially determined to be required to fund benefits authorized by law.

**(c) Local Retirement Systems.** (1) The legislature shall provide by law for:

(A) the creation by any city or county of a system of benefits for its officers and employees;

(B) a statewide system of benefits for the officers and employees of counties or other political subdivisions of the state in which counties or other political subdivisions may voluntarily participate; and

(C) a statewide system of benefits for officers and employees of cities in which cities may voluntarily participate.

(2) Benefits under these systems must be reasonably related to participant tenure and contributions.

. . . .

**(f) Retirement Systems Not Belonging to a Statewide System.** The board of trustees of a system or program that provides retirement and related disability and death benefits for public officers and employees and that does not participate in a statewide public retirement system shall:

(1) administer the system or program of benefits;

(2) hold the assets of the system or program for the exclusive purposes of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the system or program; and

(3) select legal counsel and an actuary and adopt sound actuarial assumptions to be used by the system or program.

. . . .

# Exhibit 5

# Excerpts from Texas Government Code § 810.001

. . . .

(b) Except as provided by Subsection (d), **the governing body of a political entity may establish and maintain a public retirement system** for its appointive officers and employees and determine the benefits, funding source and amount, and administration of the system. Each active member of a public retirement system established under the authority provided by this section shall contribute to the system an amount, if any, determined by the political entity. The political entity shall contribute for each active member in a defined contribution plan or a defined benefit plan an amount determined by the political entity to be required to meet the system's benefit plan.

. . . .

(d) The authority granted by Subsections (b) and (c) **does not apply to a political entity to the extent that the entity, by specific statute, is**:

(1) **required to establish or participate exclusively in a particular public retirement system**; or

(2) prohibited from establishing or participating in any public retirement system or in a particular retirement system.

. . . .

Respectfully submitted,

BAKER BOTTS L.L.P.


By */s/ Travis J. Sales*
    Travis J. Sales
    State Bar No. 17532080
    Tina Q. Nguyen
    State Bar No. 24078670
    One Shell Plaza
    910 Louisiana Street
    Houston, Texas 77002
    713.2291234
    713.229.1522 (facsimile)
    travis.sales@bakerbotts.com
    tina.nguyen@bakerbotts.com

    Thomas R. Phillips
    State Bar No. 00000102
    BAKER BOTTS L.L.P.
    98 San Jacinto Boulevard
    Suite 1500
    Austin, Texas 78701-4078
    512.322.2500
    512.322.2501 (facsimile)
    tom.phillips@bakerbotts.com

ATTORNEYS FOR APPELLEE
HOUSTON FIREFIGHTERS' RELIEF
AND RETIREMENT FUND

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served by electronic mail on all counsel of record listed below on September 28, 2015. I also certify that a bound copy of this document will be provided to counsel of record at the time of oral argument.

*Counsel for Appellant*:

David M. Feldman, City Attorney
Judith L. Ramsey, Chief, General Litigation Section
John B. Wallace, Senior Assistant City Attorney
CITY OF HOUSTON LEGAL DEPARTMENT
900 Bagby Street, 4th Floor
Houston, Texas 77002
832.393.6491
832.393.6259 (Facsimile)
david.feldman@houstontx.gov
judith.ramsey@houstontx.gov
john.wallace@houstontx.gov

*/s/Travis J. Sales*
Travis J. Sales